PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ANASTASIO ANDRADES, Defendant and Appellant.

No. 2599. Argued December 4, 1925.—Decided April 30, 1926.

*Eduardo López Tizol* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The first contention of appellant is that the district court erred in overruling a motion for continuance. The motion shows on its face that more than seven months had elapsed since the day of the arrest; that during this period the defendant had been represented by a number of different attorneys at different stages of the proceeding; that upon receiving notice of the day set for trial more than ten days in advance thereof an attorney was employed to try the case; that this attorney abandoned the case two days before the

trial and that the attorney who appeared at the trial had devoted the time at his disposal to the obtaining of certificates from the municipal court wherein defendant had been convicted of assault and battery prior to the death of the victim.

This motion was presented when the case was called for trial. The scene of the crime could have been reached at any time within ten or fifteen minutes by the ordinary means of communication between the business district of San Juan and its outskirts. The motion does not disclose any effort on the part of the attorney last employed to obtain from his immediate predecessor any data or information whatever, nor does it show why no such effort was made; nor does the motion intimate that counsel had any reason to believe that anything new in the way of evidence could be found in the event of a continuance.

In the circumstances we are unable to say that the court below abused its discretion in denying the motion.

The second proposition is that the district court of the second judicial district of San Juan was without jurisdiction to try the case under an indictment found by a grand jury of the first district.

In 1923 and after the indictment had been returned the Legislature reorganized the district courts for the judicial district of San Juan and included within the territorial limits of the second district, thus newly created, that section of the municipality wherein the offense in question had been committed. Thereupon a transfer of the instant case at the instance of the district attorney was ordered by the district court of the first district.

It is also intimated in the brief that to recognize the jurisdiction of the district court of the second district over crimes committed prior to the organization of such new district within the former territorial jurisdiction of the district court of the first district, would be to give to the statute a retroactive effect.

It would suffice to say that no authority is cited in support of either of these two propositions and that there is no reason why this court should take any more interest in the matter than has been taken by appellant. But see 16 C. J., page 197, par. 296.

The third proposition is that the venue was not proved. Here it was incumbent upon the prosecution to show that the offense was committed on the south side of Ponce de León Avenue, that is to say, within the section of the municipality that lies between the avenue and the water front.

The evidence as a whole shows that the quarrel began in a house on San Agustín Street in Puerta de Tierra; that the victim of the subsequent assault upon leaving this house was followed by defendant and that the fatal blow was struck within five meters of the balcony of another house on San Agustín Street. Some of the witnesses referred to the events immediately preceding the assault as having occurred at a point south of "the track."

San Agustín Street throughout the greater portion of its length runs parallel to Ponce de León Avenue and lies to the south thereof. It is perhaps a matter of judicial notice or a fact within the knowledge of the jury that the street car tracks in Puerta de Tierra are laid along the south side of Ponce de León Avenue and along the south side of San Agustín Street. There is nothing in the testimony of any witness tending definitely to show that defendant crossed either of these tracks or the avenue at any time up to the moment of committing the offense.

All things considered, the venue seems to have been fairly well established although, as also happens with inexcusable frequency, this result appears to have been attained by accident rather than by design.

The fourth specification of the assignment is that the verdict is contrary to the evidence. Much stress is laid upon the fact that a policeman, who made the arrest and testified

that the *practicante* who dressed the wound had told witness that the said wound could not have been produced by a knife exhibited by witness at that time, nevertheless filed a complaint in the municipal court for assault and battery alleged to have been committed with the knife in question. The explanation of this matter given by this witness under cross-examination is not very satisfactory, but the effect of such inconsistency upon the probative value of this testimony was a matter to be determined by the jury.

The testimony of the physician who made the autopsy is also attacked. His statement leaves no room for doubt as to the cause of the death. The conclusion reached by this witness as to the depth of the original wound based upon the condition thereof at the time of the autopsy and upon the finding of a splinter from the skull at a depth of three or four inches within the brain can hardly be reconciled with the fact established by other testimony that the wounded man with the assistance of two others walked from the scene of the crime to an emergency hospital and after having the wound dressed proceeded alone to his home.

The *Fiscal* of this court suggests gravitation in connection with the time that intervened between the date on which the wound was inflicted and the day of death as a logical explanation of the presence of the bone splinter at a depth of several inches from the surface at the time of the autopsy. The matter is not important at the present stage of the proceeding save in so far as it may serve to illustrate the unsatisfactory character of expert testimony with reference to conclusions that could be drawn quite as readily if legitimate by the jury itself, and the consequent impropriety of permitting such testimony to go to the jury when timely objection is made. In the instant case, however, no question of this sort has been raised and the conclusion reached by the physician as to the depth of the wound as originally inflicted affords no adequate basis for overturning the delib-

erate judgment of a jury formed as the necessary result of the evidence as a whole.

Other details discussed in the brief are even more obviously negligible factors in the general result and do not demand serious consideration.

The judgment appealed from must be affirmed.